CIACCIO, Judge.
Defendant pleaded guilty to manslaughter. The court sentenced defendant to serve fourteen years imprisonment at hard labor. The district attorney charged defendant with being a third felony offender and prayed that the court resentence defendant under the provisions of La.R.S. 15:529.1. Following a hearing the court adjudicated defendant a second felony offender and resentenced him under the provisions of La.R.S. 15:529.1 to serve fourteen years imprisonment at hard labor.
Defendant appeals his adjudication as a second felony offender. He argues that the transcript of the guilty plea colloquy used as evidence of his prior felony conviction was improperly certified by the court reporter. See La.C.Cr.P. Art. 917 C. We find satisfactory the certification of the court reporter who prepared the transcript, and therefore, affirm defendant’s adjudication as a second felony offender.
We note at the outset that defendant does not claim that the transcript is inauthentic, or inaccurate, or incomplete. Other than the numerous typographical errors, defendant does not claim that the transcript does not represent accurately the colloquy which occurred when he pleaded guilty. Defendant argues only that the court reporter’s certification of the transcript is “ambiguous and equivocal” in the language that it uses.
La.C.Cr. Art. 917 C. provides:
All transcripts or parts thereof completed for inclusion in the record shall be dated and certified by the court reporter who prepares them. The date of certification by the court reporter shall be the date on which the transcript was concluded and furnished to the clerk of court for inclusion in the record.
This provision is repeated in La.C.C.P. Art. 2127.1 B. and La.CJ.P. Art. 102 C. See La. Acts of 1984, Act. No. 528. There are no statutory guidelines for the language of the court reporter’s certification. In the jurisprudence the issue of what constitutes appropriate language in a certification is res nova.
The court reporter’s certificate in this case reads as follows:
CERTIFICATE
I, hereby certify that the foregoing plea of guilty transcirpt is true and correct to the best of my ability and understand as transcribed from my shorthand notes. Also, said transcirpt is authentic, accurate and complete as transcribe from my notes, of 5/7/86 [The correct date of the guilty plea is 5/7/79.]: State vs. Gregory Thomas, 269-963.
/s/ David Aucoin,
DAVID AUCOIN, CSR 4/30/86
Defendant’s complaint is that the court reporter performed his duty to transcribe “to the best of my ability and understand [ing].” We find no deficiency in this language unless there is some reason to suspect the quality of the court reporter’s ability and understanding. Defendant has raised no grounds for suspicion.
Further, the court reporter continued his certification stating that the transcript is “authentic, accurate and complete *379 as transcribe^] from my [shorthand] notes.” Transcription from shorthand or stenographic notes is the customary method employed in our district courts. That the transcript is “authentic, accurate and complete,” we find satisfactorily fulfills the court reporter’s duty.
In the absence of any specific allegations of substantive deficiency of the transcript or any evidence that the court reporter’s abilities are suspect, we do not find that the court reporter’s certificate in this case raises any doubts as to the transcript’s accurate reproduction in writing of the colloquy which occurred when defendant pleaded guilty. We find, therefore, that the trial court did not err by accepting and considering the transcript as evidence of the existence and validity of defendant’s prior conviction. Accordingly, we affirm defendant’s adjudication as a second felony offender.

AFFIRMED.